## AMERICAN ASBESTOS PRODUCTS CO. v. PERRONE.

### No. 2217.

Court of Appeal of Louisiana. First Circuit.

March 4, 1941.

Jos. M. Blache, Jr., of Hammond, for appellant.

Morrison, Sims & Phelps, of Hammond, for appellee.

DORE, Judge.

Plaintiff sues to recover the sum of $108, the price of roofing material purchased by written order given to one of its salesmen by the defendant on March 24, 1936. The roofing material was consigned to the defendant at Hammond on May 18, 1936 and, upon arrival at Hammond, the shipment was refused by the defendant and the roofing material was subsequently sold by the railroad company to satisfy its freight and storage charges.

The defendant admits signing the purchase order but he alleges that the order and his signature thereto was obtained through error and fraud practiced on him by the salesman of plaintiff; that the order was a conditional one for the roofing of his house, the roofing material to be shipped in the future in the event that he would undertake the repair of his house; that the order was subject to countermand or cancellation prior to shipment being made; that, by special delivery letter under date of April 17, 1936, prior to shipment, he gave notice to plaintiff to cancel the said order, but that the plaintiff persisted in its efforts to force him to accept the roofing material.

The trial court rendered judgment in favor of the plaintiff as prayed for; defendant has appealed.

The order which the defendant signed is an unconditional order for the shipment of the material on or before June 1, 1936. The order provides on its face that it is not subject to countermand or cancellation unless stated in writing on order; no such writing appears on the order. The man-

ager of the plaintiff company testified by deposition to the effect that the material ordered was shipped on May 18, 1936, and that no letter or notice of cancellation was received by his company from the defendant prior to shipment, and states that had such letter or notice of cancellation been received the material would not have been shipped. He denies the receipt of any letter from defendant of date of April 17, 1936, and positively states that the only letter relative to cancellation which his company received from the defendant was one of date of May 24, 1936, after the shipment had reached Hammond. The correspondence between the plaintiff and defendant, after May 24, 1936, shows that the plaintiff company sought to adjust the matter, offering an extension of time to pay the bill to November 1, 1936.

The defendant testified that the salesman told him that if he found that he could not use the roofing material and would notify the company prior to its shipment, then the shipment would not be made; that he did not read the order which he signed as he thought the salesman was an honest man and that he believed the salesman; that he sent a special delivery letter to plaintiff company in an envelope properly addressed, with his return address, on April 17, 1936, advising the plaintiff not to make the shipment since he was not ready to re-roof his house; he states that this letter was never returned to him.

The defendant has failed to prove fraud or error by his own testimony. He admits that he can read and write; his failure to read the order was his own fault. Even though there were such a verbal agreement between him and the salesman that he could cancel the order by giving notice before the material was shipped, he has failed to show that he did so. He states that he sent a letter containing such notice on April 17, 1936; the manager of plaintiff company positively swears that no such letter was received. Defendant offered in evidence what he says is a copy of this letter, but this purported copy is an original typed letter, with a reversed carbon imprint thereof on its back. He states that the letter was written in his lawyer's office by the latter's stenographer. The stenographer did not testify. It is very likely that if this is the letter which he had prepared, he never signed or mailed the same; but, in any event, his statement with reference thereto is in effect nothing more than a self-serving declaration.

In his answer, defendant avers that he gave a second notice to the plaintiff company under date of May 24, 1936, which he avers was prior to shipment, to cancel the order and not to ship the material. This letter is acknowledged to have been received by the company but after the material had been shipped. In that letter defendant claims to have received an invoice and states that "if the order arrives, I will be compelled to refuse it." In his testimony, he states that when Mr. Joiner (presumably some one connected with the railroad company) advised him that the material was at the freight depot, he informed Mr. Joiner that he had cancelled the order, and that he refused to accept the shipment. He then states that he immediately had the second letter to be written; that is, the letter of May 24, 1936. It is apparent that there is considerable contradiction in defendant's pleadings, letter and testimony.

Suffice it to say that this case involves merely a question of fact, and that we cannot find any manifest error in the trial judge's determination thereof, and must therefore affirm his judgment.

Judgment affirmed.